UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KELLEY LYNN-PRYOR,

    Plaintiff,

v.                                        Case No. 3:21-cv-350-TJC-MCR

DEPARTMENT OF DEFENSE
EDUCATION ACTIVITY, THOMAS
BRADY, Director, JOHN DOES 1 -
10, and UNITED STATES OF
AMERICA,

    Defendants.

## O R D E R

This workplace discrimination case arises out of pro se Plaintiff Kelley Lynn-Pryor's time as a teacher in Japan. The case is before the Court on Plaintiff's Motion for Refund of Filing Fee (Doc. 4), Motion to Appoint Counsel (Doc. 5), Motion to Amend Complaint (Doc. 6), and Defendant United States' Motion to Dismiss Plaintiff's Amended Complaint or in the Alternative, Motion to Transfer Venue (Doc. 10) and Unopposed Motion to Stay Discovery and to Stay Filing the Case Management Report (Doc. 11).

### I. BACKGROUND

Plaintiff worked as a teacher with the Department of Defense Education Activity (DoDEA) in Okinawa, Japan. (Doc. 6-1 at 2). Plaintiff alleges that she

was discriminated against based on her race and because of her previous reporting of her employer to the Equal Employment Opportunity Commission (EEOC). Id. Plaintiff alleges that she was accused of child abuse, required to attend school improvement and faculty meetings, that she was observed while teaching, and that she was denied access to school support eligibility data. Id. at 3. Plaintiff was issued a Notice of Proposed Removal and she was suspended for fourteen days for "negligent performance of duty and failure to follow instructions." Id. She was later transferred to another school, and then transferred again after another allegation of child abuse. Id. at 4. Plaintiff brings a Title VII, 42 U.S.C. § 2000e, et. seq. claim against Defendants. Id.

## II. DISCUSSION

### A. Amending Complaint

On March 30, 2021, Plaintiff filed her complaint, and on May 14, 2021, she moved to amend her complaint and attached her amended complaint to the motion. (Docs. 6, 6-1). Under Federal Rule of Civil Procedure 15(a)(1), plaintiffs can amend their complaints as a matter of course within twenty-one days of service of the first complaint or within twenty-one days of a responsive pleading or motion under 12(b), (e), or (f). Plaintiff filed her amended complaint more than twenty-one days after service of her first complaint, and Defendants' 12(b) motion to dismiss was filed after Plaintiff's motion to amend her pleadings, so Rule 15(a)(1) does not apply. "In all other cases, a party may amend its pleading

only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). While Defendants have not given written consent, they refer only to Plaintiff's amended complaint in their motion to dismiss. See (Doc. 10). Plaintiff's amended complaint is more concise, largely removes unnecessary facts, and clarifies her theory of liability. See (Docs. 1, 6-1). Considering Plaintiff's pro se status, that this is her first amended complaint, and Defendants' implicit consent, the Court finds justice requires Plaintiff be permitted to amend her complaint.

### B. Venue

On August 23, 2021, Defendants moved to dismiss Plaintiff's amended complaint for lack of jurisdiction, improper service, because the claim is time-barred, and for improper venue. (Doc. 10 at 1). In the alternative, Defendants ask the Court to transfer the case to the United States District Court for the Eastern District of Virginia. Id. The Court will address the venue arguments first because if venue is improper in this District and transfer is warranted, it is best for the new district to consider Defendants' substantive arguments.

Venue is proper in Title VII actions:

> [I]n any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district

3

> in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). Ordinary venue provisions do not apply in Title VII cases. Pinson v. Rumsfeld, 192 F. App'x 811, 817 (11th Cir. 2006) ("The venue provisions of § 2000e–5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and that the more general provisions of § 1391 are not controlling in such cases.") (citing Stebbins v. State Farm Mut. Auto. Ins. Co., 413 F.2d 1100, 1102–03 (D.C. Cir. 1969) (per curiam)).

Here, the alleged unlawful employment practice took place in Okinawa, Japan, and Plaintiff likely would have continued working in Japan if not for the unlawful employment practice. (Doc. 6-1 at 4, 6) (seeking reinstatement to her position as a teacher). Plaintiff does not allege where her employment records relevant to the case are located. Presumably, the records are either in Japan or at the DoDEA human resources headquarters in Alexandria, Virginia. (Doc. 10 at 6). Further, even if the records are not in Virginia, the Department of Defense's (DoDEA is a component of the Department of Defense) principal office is in Arlington, Virginia. Id. at 2, 6. Both Alexandria and Arlington are in the

Eastern District of Virginia, Alexandria Division;[1] thus, this action should have been brought in the Eastern District of Virginia. See Collins v. Hagel, No. 1:13-CV-2051-WSD, 2015 WL 5691076, at *2 (N.D. Ga. Sept. 28, 2015).

Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a) allow parties to challenge and courts to dismiss a complaint for failure to plead venue requirements. However, § 1406(a) also states that a district court may transfer the "case to any district or division in which it could have been brought" if it is "in the interest of justice." If Plaintiff's case is not transferred, Plaintiff's claim will likely be time-barred. See 42 U.S.C. § 2000e-16(c) (allowing 90 days from the receipt of notice of final action taken by EEOC).[2] Plaintiff filed her case on March 30, 2021 and more than 90 days have passed. Weldon v. Elec. Data Sys. Corp., 138 F. App'x 136, 138 (11th Cir. 2005) (affirming dismissal of a complaint because a timely-filed and dismissed complaint did not toll the Title VII statute of limitations for a later-filed complaint). Thus, it is in the interest of justice to

---

[1] https://www.vaed.uscourts.gov/eastern-district-virginia-jurisdiction.

[2] Defendants argue in their motion to dismiss that Plaintiff's claim is already time-barred. (Doc. 10 at 3). Plaintiff states that her appeal was decided on December 21, 2020, and her case was filed 99 days later on March 30, 2021. (Docs. 1; 13 at 1). However, Plaintiff does not state when she received the appeal decision, so it is not apparent from the filings that the claim is time-barred. See United States ex rel. Hunt v. Cochise Consultancy, Inc., 887 F.3d 1081, 1085 (11th Cir. 2018), aff'd, 139 S. Ct. 1507 (2019). Even if Plaintiff received the notice on December 21, 2020, equitable tolling could still apply. See Weldon, 138 F. App'x at 138.

Case 3:21-cv-00350-TJC-MCR   Document 14   Filed 09/27/21   Page 6 of 7 PageID 66

transfer the case to the Eastern District of Virginia.[3] See Collins, 2015 WL 5691076, at *2 (collecting cases where Title VII plaintiffs worked overseas with the DoDEA and courts transferred the cases to the Eastern District of Virginia).

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff Kelley Lynn-Pryor's Motion to Amend Complaint (Doc. 6) is **GRANTED**. The Amended Complaint (Doc. 6-1) is the operative pleading.

2. Defendant United States' Unopposed Motion to Stay Discovery and to Stay Filing the Case Management Report (Doc. 11) is **MOOT**.

3. Defendants' Motion to Dismiss Plaintiff's Amended Complaint or in the Alternative, Motion to Transfer Venue (Doc. 10) is **GRANTED in part** insofar it moves to transfer venue.

4. The Clerk shall transfer the case to the United States District Court for the Eastern District of Virginia, Alexandria Division, for all further proceedings. All other motions not disposed of here shall remain pending in the Eastern District of Virginia. Following transfer, the Clerk is directed to close the file.

---

[3] Defendants filed a motion to stay the case (Doc. 11) until their motion to dismiss was resolved; given the Court's decision on the motion to dismiss, the motion to stay is moot.

**DONE AND ORDERED** in Jacksonville, Florida the 27th day of September, 2021.



TIMOTHY J. CORRIGAN
United States District Judge

ckm
Copies:

Clerk, Eastern District of Virginia, Alexandria Division
Counsel of record

7